UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

E*TRADE FINANCIAL CORPORATION,

Plaintiff,

vs.    Case No. 8:07-CV-1131-T-27MSS

RODNEY CARRASQUILLO,
SCOTT HALVERSON AND
GRACE FINANCIAL GROUP, LLC,

Defendants.
_____/

## ORDER

**THIS CAUSE CAME** on for hearing on August 29, 2007, on Plaintiff's Motion for Preliminary Injunction (Dkt. 13) and Defendant's Response in opposition (Dkt. 30). Upon consideration, Plaintiff's Motion for Preliminary Injunction (Dkt. 13) is DENIED. The Court announced findings and conclusions at the conclusion of the hearing which are incorporated herein by reference.

*Applicable Standards*

To establish entitlement to a preliminary injunction, a movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Daniel v. City of Tampa, Florida*, 818 F.Supp. 1491, 1493 (M.D. Fla. 1993). A preliminary injunction is an extraordinary and drastic remedy that will not be granted unless the movant carries its burden.

*McDonald's Corp.*, 147 F.3d at 1306; *Daniel*, 818 F.Supp. at 1493. The standard for injunctive relief under Rule 65, Fed. R. Civ. P., also applies to claims for injunctive relief under state law. *Liberty American Ins. v. Westpoint Underwriters,* 199 F.Supp.2d 1271 (M.D. Fla. 2001) (citing *Ferraro v. Assoc. Materials, Inc.*, 923 F.2d 1441, 1448 (11th Cir. 1991)).

It is undisputed that the parties agreed that California law governed. Non-solicitation and non-disclosure agreements are upheld in California where in violation of such an agreement, clients of a former employer are solicited by a former employee to transfer their accounts to the employee's new employer. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chung*, 2001 WL 283083 (C.D. Ca. 2001). Enforcement of such agreements is consistent with Florida's public policy, as codified in Fla. Stat. § 542.335.

As announced at the conclusion of the hearing, the Court finds that Plaintiff has not met its burden of establishing a likelihood of success on the merits or that the threatened injury to the Plaintiff outweighs the intangible and tangible harm to Defendant Carrasquillo. Specifically, as to Defendant Halverson, Plaintiff presented no direct evidence of solicitation in violation of his employment agreement with Plaintiff. As to Defendant Carrasquillo, while Plaintiff did present evidence of direct solicitation of two of Plaintiff's clients who were serviced by Carrasquillo while he was employed by Plaintiff, Defendant Carrasquillo testified and presented evidence which explained his contacts with those clients and contradicted in part their declarations on material points, such as who initiated contact. His testimony was credible. The evidence did not, therefore, establish that Carrasquillo initiated contact with and solicited their business on behalf of Grace Financial in violation of the non-solicitation agreement. The evidence presented by Plaintiff at this juncture does not support the drastic and extraordinary remedy of injunctive relief.

Therefore, it is

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Preliminary Injunction (Dkt. 13) is DENIED.

2. The parties are directed to proceed to arbitration in accordance with their agreements.

3. The clerk is directed to administratively close this case.

**DONE AND ORDERED** in chambers this 29th day of August, 2007.

                                                    JAMES D. WHITTEMORE
                                                    United States District Judge

Copies to:
Counsel of Record